IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICKY WATKINS,**

    Plaintiff,

vs.                                    No. 1:23-CV-00168-JFR-GJF

**FEDERAL INSURANCE COMPANY**

    Defendant.

### PLAINTIFF'S RESPONSE TO FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW Plaintiff Ricky Watkins, by and through his attorneys of record, Denis Dennis and Spencer Dobbs, and files this Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and would respectfully show the Court as follows:

### Background

1.    Defendant accurately describes the motor vehicle collision which occurred on December 12, 2019, which is the subject of this suit. Plaintiff properly filed this suit in the 5th Judicial District Court of Lea County, New Mexico. The Defendants removed this case to the Federal Court system on February 24, 2023. Defendant Federal Insurance Company sells insurance, both liability and underinsured motorist coverage, for the Plaintiff's employer UMC Energy Solutions which has an office in Andrews, Texas and several field offices in New Mexico. Its office in Andrews, Texas is located 30 miles from the New Mexico state line and UMC Energy Solutions performs services for customers in Texas and New Mexico as an oilfield service company is contemplated to do.

### Argument

2.    Federal Insurance Company issued a policy of insurance to UMC Energy Solutions knowing full well that use of the ten vehicles listed on the schedule of vehicles

would perform services in Texas and New Mexico, as the Plaintiff's employer was located 30 miles from the state line of New Mexico.  It is unreasonable for an insurance company selling liability and underinsured motorist coverage for an oilfield services company to think that the schedule of vehicles that a company is paying premiums on will remain garaged at any one place.  The very nature of the business is that motor vehicles travel across roadways both in the State of Texas and in New Mexico and Federal Insurance Company was well aware of this fact prior to selling the insurance policy, the subject of this lawsuit.

3. When personal jurisdiction is contested, Plaintiff has the burden of establishing personal jurisdiction over the defendant. *Benton v Cameco Corp.*, 375 F.3d 1070,1074 (10th Cir. 2004).  Where a pre-trial motion to dismiss is considered by a court without an evidentiary hearing, the plaintiff "need only" make a prima facie showing of personal jurisdiction to defeat the motion. *AST Sports Sci, Inc. v CLF Distribution, Ltd*, 514 F.3d 1054 (10th Cir. 2008). The plaintiff can satisfy this burden by "demonstrating" via affidavit or other material facts that, if true, would support jurisdiction over the defendant. *OMI Holdings, Inc. V. Royal Ins. Co. of Canada*, 149 F.3d 1086 (10th Cir. 1998).  If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient, notwithstanding the contrary presentation by the moving party.  In other words, in determining whether the requisite showing has been made,  all factual disputes are resolved in the plaintiff's favor, and, if uncontroverted by the defendant's affidavits, the well plead factual allegations in the complaint must be taken as true. *Xmission, LC v Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020).

4. The New Mexico Supreme Court has held that the state's long arm statute extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible; thus, the jurisdictional analysis collapses into a single due process inquiry. *Aero Tech, Inc. v. Great Am. Ins. Co.*, 223 WL 315595; LEXIS 10232, United States District Court for District

of New Mexico 2023. The due process clause authorizes personal jurisdiction where: 1) a defendant has established minimum contacts with a forum state, and 2) where the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Dental Dynamics, LLC v Jolly Dental Group, LLC*, 946 F.3d 1223 (10th Cir. 2020).

In this case, Federal Insurance argues a lack of specific jurisdiction over the nonresident defendant. Specific jurisdiction is proper if: 1) the out-of-state defendant "purposefully directed" its activities at a resident of the forum state, and 2) the litigation results from the plaintiff's alleged injuries that arise out of or relate to the defendant's activities. *Aero Tech, Inc. V. Great Am. Ins. Co.*, at page 9. The guiding principle behind the minimum contacts analysis is that the defendant's connection with the forum state are such that it should reasonably anticipate being haled into court there. The Supreme Court has emphasized: "where individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463, 105 Supr Ct 2174 (1985).

It has been held that a defendant purposefully directs activities into the forum state if it continuously and deliberately exploits the forum states market. *Xmission, LC v Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020). Defendant has admitted in it 12(b)(2) motion that it markets and sells policies in the State of New Mexico. As set forth in the affidavit attached hereto of the Plaintiff, Federal Insurance Company was very well aware that it was selling liability and underinsured motorist coverage for a schedule of vehicles located within 30 miles from the Texas / New Mexico state line. Federal Insurance Company was also aware that its customer was an oilfield service company and that the vehicles it insured would not stay garaged during the time of the policy. The business policy attached to Defendant's Motion to Dismiss contemplates that Defendant is insuring vehicles in Texas, Oklahoma, and

North Dakota.  The insurance policy at issue here is not a garage policy, but rather an underinsured motorist policy which contemplates that the vehicles, the subjects of this policy, will be traveling.  Federal Insurance Company admits in its Motion to Dismiss that Federal Insurance Company does insure vehicles in the State of New Mexico.  The fact that the policy at issue was not issued in New Mexico is not determinative in light of the nature of the policy.  Had this been a garage policy, there would be a different analysis.

UMC Energy Solutions has field offices in New Mexico and Federal Insurance Company was well aware of this fact when they considered the risk in selling the automobile policies, the subject of this suit.  Federal Insurance Company did purposefully avail themselves of personal jurisdiction in the State of New Mexico by writing a contract of insurance to an oilfield service company 30 miles from the border.  Had they wanted to avoid having any contact with the State of New Mexico, they could have certainly excluded New Mexico from their scope of coverage; however, it is unlikely that they would have had the opportunity to sell the insurance policy at issue by virtue of the nature of Plaintiff's employer's business.  Federal Insurance Company should have reasonably anticipated being haled in a New Mexico court, as it did have minimum contacts with the State based upon the nature of its insured's business.  In *Aero Tech, Inc. v. Great Am. Ins. Co.*, 223 WL 315595, United States District Court for District of New Mexico 2023, this Court found that Aero Tech had presented substantial record evidence indicating the defendant most certainly knew it was affiliating itself with an enterprise based in New Mexico, in that it voluntarily conducted business within an entity known to be located in New Mexico for many years prior to and at the time of the events at issue.  Similarly in this case, Federal Insurance Company knew very well it was writing a policy of insurance to a company 30 miles from the Texas / New Mexico border that did oilfield service work throughout Texas and New Mexico and had field offices in the State of New Mexico whenever Federal Insurance Company wrote the policy.  The

aggregate of these contacts indicates that Plaintiff has carried his burden and made a prima facie showing of minimum contacts such that defendants Motion to Dismiss based upon lack of personal jurisdiction should be dismissed.

## Prayer for Relief

WHEREFORE, Plaintiff prays that upon hearing hereof, that Defendant's Motion be denied.

.

        Respectfully submitted,

        KELLY, MORGAN, DENNIS,
        CORZINE & HANSEN, P.C.
        P.O. Box 1311
        Odessa, Texas  79760-1311
        (432) 367-7271
        (432) 363-9121 (FAX)
        ddennis@kmdfirm.com

By:    /s/ Denis Dennis
     DENIS DENNIS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been sent on this 15th day of March, 2023, to:

Seth Sparks
Lauren Winston
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque, New Mexico 87103
ssparks@rodey.com
Lwinston@rodey.com

        /s/ Denis Dennis
        DENIS DENNIS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**RICKY WATKINS,**
    **Plaintiff,**

**vs.**                                                                                            No. 1:23-CV-00168-JFR-GJF

**FEDERAL INSURANCE COMPANY,**
    **Defendant.**

## AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared Ricky Watkins, who being duly sworn, deposed as follows:

"My name is Ricky Watkins. I am the Plaintiff in the referenced matter. I was involved in a motor vehicle accident caused by a third party on December 12, 2019 in Lea County, New Mexico while employed with UMC Energy Solutions. At the time of the collision, I was employed as a field technician with UMC Energy Solutions for approximately one year and operated out of the Andrews, Texas location.

"UMC Energy Solutions is an oil and gas sales and service company with offices in 9 different states including New Mexico, Texas, North Dakota and Oklahoma. UMC Energy Solutions' New Mexico Office is located at 5317 Lomas Dr., Carlsbad, NM 88220 as noted on its public website located at https://umcenergy.com/contact-us/. UMC Energy Solutions sells and services numerous oil field applications including, but not limited to, pressure vessels, automated valves, pump skids and more.

"UMC Energy Solutions also had a field office in Andrews, Texas, located just 30 miles from the Texas/New Mexico border. During the course of my employment with UMC Energy Solutions, I was directed to travel to and from New Mexico on a daily basis. As noted above, UMC Energy Solutions also has a field office in Carlsbad, New Mexico where my co-workers and I were dispatched to deliver equipment and parts to the Carlsbad field office. When dispatched to New Mexico, my co-workers and I drove to the New Mexico UMC Energy Solutions' office in company trucks insured by the Defendant.

"At the time of the subject accident, I was on my way to the Carlsbad, New Mexico field office to transport parts in the UMC Energy Solutions vehicle insured by the Defendant at the express direction of my employer. I had absolute permission and obligation to travel into the State of New Mexico via the UMC Energy Solutions vehicle insured by the Defendant due to the daily oil field business UMC Energy conducted in the State of New Mexico, as well as the fact that UMC Energy Solutions maintained a field office in New Mexico which I was required to frequent in the vehicle insured by Defendant.

"In addition to travel to and from UMC Energy Solutions' Carlsbad, New Mexico's field office, multiple UMC employees (myself included) would travel to New Mexico on a daily basis to meet customers of UMC Energy Solutions who resided in New Mexico. In fact, my coworkers and I would sometimes be ordered to deliver parts multiple times a day to a specific high value customer, Plains Energy in the State of New Mexico.

"Further affiant sayeth not."

_____
Ricky Watkins

SUBSCRIBED AND SWORN TO BEFORE ME on ___March 14___, 2023 by Ricky Watkins.

HOPE BLACKSTONE
Notary Public, State of Texas
Comm. Expires 11-09-2025
Notary ID 128096772

_____
Notary Public, State of Texas