IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RICKY WATKINS,**

      **Plaintiff,**

      v.                                         Civ. No. 23-168 JFR/GJF

**FEDERAL INSURANCE COMPANY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** is before the Court on Defendant Federal Insurance Company's *Motion to Dismiss for Lack of Personal Jurisdiction* ("Motion"), filed March 3, 2023. Doc. 3. Plaintiff Ricky Watkins filed a response in opposition to the Motion on March 15, 2023. Doc. 5. Defendant replied on March 29, 2023 (Doc. 6), and notified the Court that the Motion is ripe for decision. Doc. 7. Having reviewed the pleadings and applicable law, and being otherwise sufficiently advised in the premises, the Court finds that the Motion is well-taken and shall be **GRANTED.** Pursuant to 28 U.S.C. § 1631, Plaintiff is directed to file a notice, within 10 days of entry of this Order, stating whether, in lieu of dismissal without prejudice, he requests the case be transferred to a district with jurisdiction over his claims.

### BACKGROUND

The backdrop of this litigation is a motor-vehicle collision that occurred in southeastern New Mexico. Docs. 3 at 1; 5 at 7. There is no dispute between the parties over the facts pertaining to the collision. Doc. 5 at 1.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed R. Civ. P. 73(b), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment in this case. Docs. 10, 11, 12.

On December 12, 2019, Plaintiff was driving westbound on New Mexico State Highway 176 in Lea County, New Mexico when his vehicle was struck by another driver, Tiffany Romero. Docs. 3 at 1; 5 at 6.  At the time of the collision, Plaintiff was an employee of UMC Energy Solutions ("UMC").  Docs. 3 at 1; 5 at 6.  Plaintiff alleges that, as an employee of UMC, he was covered by an automotive insurance policy issued by Defendant to UMC.  Docs 1-1 at 2. 3 at 1.  Plaintiff further alleges that Ms. Romero was underinsured at the time of the collision.  Docs. 1-1 at 3; 3 at 1.  Plaintiff, a resident of Texas, filed a Complaint against Defendant, an Indiana Corporation with its principal place of business in New Jersey, in the Fifth Judicial District Court of Lea County, New Mexico on January 17, 2023, bringing claims that stem from the vehicle collision.  Docs. 1-1; 3-1.  Therein, he asserts that he is entitled to underinsured motorist coverage from Defendant and that Defendant violated New Mexico's Trade Practices and Frauds Act, N.M. Stat. Ann. § 59A-16-1 to -30 (1984).  Doc. 1-1 at 3-5.

Defendant removed the case to this Court on February 24, 2023, invoking this Court's diversity jurisdiction.  Doc. 1.  In lieu of answering Plaintiff's Complaint, Defendant filed the instant Motion.  Therein, Defendant argues that (1) it cannot be subjected to this Court's general jurisdiction "because it is not 'at home' in New Mexico"; (2) this Court does not have specific personal jurisdiction over it because the claims in Plaintiff's Complaint do "not arise from any of [Defendant's] activities in this forum"; and (3) even if it was subject to this Court's personal jurisdiction, an exercise of that jurisdiction would offend "traditional notions of fair play and substantial justice."  Doc. 3 at 7-12.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(2) provides that the defense of "lack of personal jurisdiction" may be asserted by motion.  "Where the court's jurisdiction is contested, the

plaintiff has the burden of proving jurisdiction exists. However, in the preliminary stages of litigation, the plaintiff's burden is light." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008) (citation omitted). When a pre-trial motion to dismiss for lack of personal jurisdiction is considered in the absence of an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010) (internal quotation marks and citation omitted). "The plaintiff may carry this burden by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id.* (internal quotation marks and citation omitted). In assessing whether the plaintiff's showing is sufficient, the court must resolve all factual disputes between the parties in the plaintiff's favor. *Id.* "To defeat a prima facie showing of jurisdiction, the defendant must demonstrate that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (alteration, internal quotation marks, and citation omitted).

To show the existence of personal jurisdiction over Defendant in this diversity action, Plaintiff must demonstrate that jurisdiction is proper under the laws of New Mexico, the forum state here, and that this Court's exercise of jurisdiction comports with the Fourteenth Amendment's Due Process Clause. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 964 F.3d 1223, 1228 (10th Cir. 2020). New Mexico's long arm statute, N.M. Stat. Ann. § 38-1-16 (1953), "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Cath. Diocese*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 48 P.3d 50. The statue provides, in relevant part:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

   (1)  the transaction of any business within this state;
   (2)  the operation of a motor vehicle upon the highways of this state;
   (3)  the commission of a tortious act within this state; [or]
   (4)  the contracting to insurance any person, property, or risk located within this state at the time of contracting.

N.M. Stat. Ann. § 38-1-16(A)(1)-(4) (1953). It further provides: "Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section." *Id.* § 38-1-16(C). Given the reach of New Mexico's long arm statute—the full extent the federal constitution permits—the Court need only conduct its analysis under principles of due process. *Dental Dynamics*, 946 F.3d at 1229; *Employers*, 618 F.3d at 1159.

  "The Due Process Clause authorizes personal jurisdiction if two elements are met. First, a defendant must have 'purposefully established minimum contacts within the forum state.'" *Dental Dynamics*, 946 F.3d at 1229 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Second, the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The plaintiff can satisfy the minimum-contacts standard by demonstrating that the court may exercise either general or specific jurisdiction over the non-resident defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090-91 (10th Cir. 1998). "[G]eneral jurisdiction is not related to the events giving rise to the suit." *Id.* at 1091. Rather, "[g]eneral jurisdiction means that a court may exercise jurisdiction over an out-of-state party for all purposes. A court may assert general jurisdiction over foreign corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904-905 (10th Cir. 2017) (omission, internal quotation marks, and citations omitted). Plaintiff presents no argument concerning general jurisdiction. *See* Docs. 1-1 at 2

(asserting that the state court's jurisdiction arose "because the events and occurrences giving rise to the injuries and damages suffered by Plaintiff occurred in the State of New Mexico"); 5 at 3-5 (limiting argument to specific jurisdiction). Thus, the Court need only discuss specific jurisdiction. *See Old Republic*, 877 F.3d at 904 (reviewing only arguments regarding specific jurisdiction where the plaintiff did not argue that the general jurisdiction standard was met).

For purposes of specific jurisdiction, "the Supreme Court has instructed that the 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' [the] defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008) (quoting *Burger King*, 471 U.S. at 472). To show that Defendant directed its activities at New Mexico, Plaintiff must point to an act of Defendant through which it "purposefully avails itself to the privilege of conducting activities" in this state, thereby "invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This doctrine is intended "to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King*, 471 U.S. at 475). The focus of this analysis is "on the relationship among the defendant, the forum, and the litigation," not "contacts between the plaintiff (or third parties) and the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotation marks and citation omitted). Indeed, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285. The exercise of specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an

occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (alteration, internal quotation marks, and citation omitted). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (internal quotation marks and citation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 264 (2017).

If the Court concludes that the minimum-contacts standard for specific personal jurisdiction is satisfied, it must also "consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1078 (10th Cir. 2004) (internal quotation marks and citation omitted). If, however, the Court concludes that the minimum-contacts standard is not satisfied, it need not proceed any further, because both sufficient minimum contacts and fidelity to the principles of fair play and substantial justice are necessary components of personal jurisdiction. *Res. Assocs. Grant Writing & Evaluation Servs., Inc. v. Southampton Union Free Sch. Dist.*, 193 F. Supp. 3d 1200, 1238 (D.N.M. 2016); *Fabara v. GoFit, LLC*, 308 F.R.D 380, 406 (D.N.M. 2015).

### The Minimum-Contacts Standard for Specific Personal Jurisdiction Is Not Satisfied

The Court must first determine whether Plaintiff's allegations, supported by affidavit or other written materials, make a prima facie showing of minimum contacts by Defendant in New Mexico such that the Court may exercise specific jurisdiction. Plaintiff presents his own affidavit as the sole support for his position that the Court possesses specific jurisdiction over Defendant. Doc. 5 at 6-8. Therein, Plaintiff states as follows: (1) at the time of the motor-vehicle collision, he was employed by UMC and operated out of UMC's Andrews, Texas location; (2) UMC has offices in nine states, including New Mexico; (3) UMC's Andrews, Texas

location is 30 miles from the New Mexico/Texas border; (4) while employed at UMC, Plaintiff traveled to New Mexico from Texas daily, because he and his co-workers were dispatched to UMC's Carlsbad, New Mexico field office to deliver parts and equipment; (5) Plaintiff's drives from Texas to New Mexico were in UMC company trucks insured by Defendant; (6) at the time of the motor-vehicle collision, Plaintiff was traveling to Carlsbad, New Mexico in a UMC vehicle to transport parts; and (7) while employed at UMC, Plaintiff and his co-workers traveled to New Mexico daily to meet customers of UMC. *Id.* at 6-7.

Defendant submitted a declaration from Senior Claims Director David F. Wilson. Doc. 3-1. Therein, Mr. Wilson states as follows: (1) Defendant is an Indiana corporation with its principal place of business in New Jersey; (2) Defendant is not currently, and has never been, incorporated or registered to do business in New Mexico; (3) Defendant does not maintain its principal place of business in New Mexico; (4) Defendant does not maintain offices or employ individuals in New Mexico; (5) Defendant is admitted to sell insurance in New Mexico; (6) Defendant markets its products nationally and such marketing may reach individuals in New Mexico; (7) Defendant sells insurance in New Mexico through independent brokers and agents with whom it has contractual relationships; (8) nobody working on the insurance claim at issue is located in New Mexico, and none of the communications regarding the claim occurred in, or were directed to, New Mexico; (9) the insurance policy at issue contained Texas Uninsured/Underinsured Motorists Coverage for the policy period; (10) the schedule of covered autos for the policy at issue shows that none of the insured vehicles were principally garaged in New Mexico;[2] (11) Defendant does not have any direct involvement in UMC's business, and did not choose the drivers employed by UMC or the routes taken by those drivers; (12) Defendant

---

[2] Plaintiff takes care to note that the insurance policy at issue in this case is not a garage policy. Doc. 5 at 4. This fact is not of consequence to the disposition of the Motion.

did not employ Plaintiff, and did not have any employees, agents, or representatives involved in Plaintiff's motor-vehicle collision; (13) Defendant had no involvement in Plaintiff's travel to New Mexico; and (14) Defendant had no contact with Plaintiff prior to the date of the motor-vehicle collision. *Id.* at 1-3. Defendant also submitted documents from the insurance policy supporting the statements made in Mr. Wilson's declaration. *Id.* at 4-22. These documents indicate that the policy was issued to UMC, a company whose mailing address is in Midland, Texas. *Id.* at 4.

As illustrated above, the parties' submissions do not contain competing factual representations or otherwise demonstrate disagreements between the parties. Defendant argues that it "simply has no forum-related contacts relevant to the underlying accident or the underinsured motorist claim that give rise to specific personal jurisdiction" because none of its "conduct relevant to this lawsuit, including issuing the relevant policy and claims handling, were substantially connected to New Mexico." Doc. 3 at 9. Defendant further argues that any contact UMC and Plaintiff had with New Mexico is not relevant here, as the appropriate inquiry in assessing specific jurisdiction is whether Defendant has sufficient contacts with the forum. *Id.* at 9-10. Plaintiff, who bears the burden of demonstrating the existence of jurisdiction in this Court, argues that Defendant directed activities to New Mexico by marketing and selling insurance in New Mexico, Defendant was aware that UMC has field offices in New Mexico when they issued the insurance policy at issue, and Defendant purposefully availed itself to the benefits of conducting activities in New Mexico "by writing a contract of insurance to an oilfield service company" in Texas, located 30 miles from the New Mexico border. Doc. 5 at 3-4.

Defendant replies to Plaintiff by arguing that Plaintiff's contentions primarily speak simply to Plaintiff's contacts with New Mexico, as opposed to those of Defendant. Doc. 6 at 2.

8

Defendant further replies by noting that the crux of the dispute in this case is the insurance policy issued by Defendant to UMC, not Plaintiff's motor-vehicle collision. *Id.* at 3. Therefore, according to Defendant, "it is the location of the [insurance] contract rather than the location of the accident that is determinative for purposes of specific jurisdiction." *Id.* at 7. Finally, Defendant replies that its "slim" contacts with New Mexico are unrelated to this case because the insurance "policy at issue has no relation to New Mexico." *Id.* at 9.

Plaintiff's arguments regarding Defendant's directed activities are quite simple: because Defendant markets and sells insurance policies in New Mexico, it has directed activities to the forum; and Defendant knew when it wrote the insurance policy at issue in this case that UMC's Andrews, Texas location is 30 miles from the New Mexico border and that UMC conducted business in New Mexico. Doc. 5 at 3-5. Assuming that these activities show purposeful direction by Defendant, Plaintiff must still demonstrate that this activity is connected to the underlying controversy in this case. *See Bristol-Myers Squibb*, 582 U.S. at 264. On this requirement, Plaintiff's arguments fall short.

The first aspect of Plaintiff's argument merely demonstrates that Defendant conducts business in New Mexico. That is undisputed by Defendant. But this fact, without more, does little to aid Plaintiff, because Defendant's sales of insurance in New Mexico are unrelated to this case: "Even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Bristol-Myers Squibb*, 582 U.S. at 264 (alteration, internal quotation marks, and citation omitted). The remainder of Plaintiff's arguments are premised on Defendant's knowledge. Plaintiff argues that Defendant knew that UMC's Andrews, Texas location is 30 miles from the New Mexico border. This may very well be. However, "the mere foreseeability of harm occurring in a particular forum will not support a

9

finding of minimum contacts." *Raffile v. Exec. Aircraft Maint*, 831 F. Supp. 2d 1261, 1266 (D.N.M. 2011); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) (stating that "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause").  Plaintiff's final argument is that Defendant knew UMC conducted business in New Mexico when it wrote the insurance policy at issue.  This argument speaks to UMC's contact with New Mexico, rather than Defendant's, so it plays no role in the Court's analysis.  *See Walden*, 571 U.S. at 284; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (stating that a third person's "unilateral activity is not an appropriate consideration when determining whether a defendant has sufficient contacts with the forum state to justify an assertion of jurisdiction").

      The task for the Court is to determine whether Defendant's contacts identified by Plaintiff, as outlined above, have some connection to the instant litigation.  *Dudnikov*, 514 F.3d at 1078.  Recently, the Supreme Court has clarified how to properly analyze a defendant's forum contacts relative to a plaintiff's allegations.  The analysis is not as rigid as "a strict causal relationship between the defendant's in-state activity and the litigation."  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021).  Indeed, "some relationships will support jurisdiction without a causal showing" and there need not always be "proof that the plaintiff's claim came about because of the defendant's in-state conduct."  *Id.*  The Court's focus must remain on the "'*relevant* conduct'" underlying the plaintiff's allegations, and where that conduct occurred.  *Bristol-Myers Squibb*, 582 U.S. at 265 (quoting *Walden*, 571 U.S. at 291). For example, where the plaintiff is not a resident of the forum and did not suffer harm there, the connection between his claims and the forum is strained, such that specific jurisdiction is

lacking, particularly when the "all the conduct giving rise to [the plaintiff]'s claims occurred elsewhere." *Id.* Similar circumstances are present here.

Any contact Defendant has with New Mexico bears no relation to Plaintiff's claims. Plaintiff is seeking redress for Defendant's alleged failure to pay him underinsured motorist benefits and for Defendant's alleged prohibited insurance claims practices. Doc. 1-1 at 3-6. These claims stem from UMC's insurance policy with Defendant—a policy Plaintiff claims Defendant breached. *Id.* at 1-5. Defendant's most pronounced contact with the forum is marketing and selling insurance policies in New Mexico. This has nothing to do with the alleged breach of a policy that was issued to Plaintiff's employer in Texas. That Plaintiff, who is a resident of Texas, suffered a motor-vehicle collision in New Mexico, near the border of Texas, does not change this. By Plaintiff's own admission, the motor-vehicle collision, and the harms associated therewith, are entirely attributable to a third party, and have nothing to do with Defendant. *Id.* at 3 ("Tortfeasor Tiffany Romero is fully and completely liable for the accident and was therefore legally obligated to pay for . . . Plaintiff's damages."). Likewise, that Defendant could foresee that a vehicle collision for which it may need to pay benefits under an insurance policy issued to UMC would occur out-of-state does not demonstrate a relationship between Plaintiff's instant claims and Defendant's contact with New Mexico. Simply stated, the harms Plaintiff claims to have suffered because of Defendant's alleged actions, i.e., failing to pay underinsured motorist insurance benefits to Plaintiff and engaging in prohibited insurance claims practices, have nothing to do with Defendant's forum contacts as presented by Plaintiff.

In sum, Plaintiff has not borne his burden of proving jurisdiction in this Court exists. While Plaintiff has shown that Defendant markets and sells insurance policies in New Mexico and argues that Defendant could foresee that a vehicle collision for which it may need to pay

insurance benefits would occur in a neighboring state, he has not demonstrated that Defendant has sufficient minimum contacts with the forum. Plaintiff simply has not produced anything that demonstrates any contact Defendant has with New Mexico is relevant to his specific claims against Defendant. Conversely, what the affidavits and written materials demonstrate is that Plaintiff seeks damages for harms that are alleged to have occurred entirely outside of New Mexico. Defendant's alleged failure to pay insurance benefits to which Plaintiff claims he is entitled and Defendant's alleged prohibited insurance practices stem from the parties' interactions outside of this forum, and they stand separate and apart from Plaintiff's motor-vehicle collision in New Mexico. The harms Plaintiff may have suffered in that incident are not at issue here. A court sitting in the proper forum can address the claims Plaintiff brings in this case.

### **Plaintiff is Given Leave to Request Transfer of This Case Lieu of Dismissal**

28 U.S.C. § 1631 provides: "Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any such court . . . in which the action . . . could have been brought at the time it was filed." Plaintiff has not requested transfer in lieu of dismissal and Defendant has not brought any related argument. However, the Tenth Circuit has directed that district courts should consider the discretionary option to transfer a case "to cure deficiencies relating to personal jurisdiction." *Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011). Before transferring a case, "[t]he transferor court must first satisfy itself that the proposed transferee court has personal jurisdiction over the parties," and that such transfer is in the interest of justice. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012) (internal quotation marks and citation omitted). The latter determination is made by considering "whether the

claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* (omission, internal quotation marks, and citation omitted).

Given the parties' submissions, it appears that the United States District Court for the Western District of Texas[3] may properly exercise jurisdiction over Plaintiff's claims. Therefore, Plaintiff is directed to file a notice, within 10 days of entry of this Order, stating whether, in lieu of dismissal without prejudice, he requests the case be transferred to that district. If no such notice is filed, the Court will enter a final judgment and order of dismissal.

### III. CONCLUSION

For the forgoing reasons, Plaintiff has not borne his burden to demonstrate that this Court possesses personal jurisdiction over Defendant. Therefore, Defendant's Motion is **GRANTED.** Within 10 days of entry of this Order, Plaintiff shall file a notice stating whether, in lieu of dismissal without prejudice, he requests the case be transferred pursuant to 28 U.S.C. § 1631 to the United States District Court for the Western District of Texas.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge,
Presiding by Consent

---

[3] Plaintiff is a resident of Odessa, Texas, and Defendant is an Indiana corporation with its principal place of business in New Jersey. Docs. 1-1 at 1; 3 at 2.